D. Joshua Staub, Bar No. 170568
(Email: djstaub@hotmail.com )
Law Office of D. Joshua Staub
13015 Washington Boulevard
Los Angeles, CA 90066
Telephone: (310) 929-5269
Facsimile: (310) 496-0702

Attorney for Defendant Shervin Rashidi

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER HAYES,<br>Plaintiff,<br>vs.<br>INXPOT, LLC, SHERVIN RASHIDI, et al.,<br>Defendants.<br>Defendants. | Case No. 8:17-cv-00265<br><br>**ANSWER OF DEFENDANT SHERVIN RASHIDI**<br><br>*Jury Trial Demanded* |

///

///

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Shervin Rashidi hereby answers the complaint as follows:

1. Defendant lacks sufficient information or belief to determine, at this stage of the proceedings, whether the allegations are true except Defendants Deny Plaintiff Jennifer Hayes was the investor.

2. Admit.

3. Defendants Deny that Mr. Rashidi was and is a "Managing-Member" because he is the duly appointed Manager of a Manager-Managed LLC and he is also an investor. Defendant Admits the remainder.

4. Admit except "Gellar" is spelled "Geller".

5. Deny.

6. Deny.

7. Deny as many operative acts occurred in Colorado and solicitation occurred at a wedding in Colorado attended by Plaintiff and Todd Hayes. Deny solicitation or communication was directed at Plaintiff and instead directed at Todd Hayes.

8. Admit as to the location but Deny all activities took place at said location.

9. Irrelevant to this answer.

10. Deny as to conclusory nature and to the substance.

11. Admit except Defendants is without sufficient knowledge to know what Todd Hayes was thinking or thought.

12. Admit but initial contact was in Colorado wedding.

13. Deny.

14. Deny a, b, d, e, f, g, h, i. Admit c. Admit a, f except Mr. Rashidi is not the managing-member rather the Manager of a manager-managed LLC. Deny b, c, d, e as the "sweat equity" would be for all efforts to put together the entire deal with substantial concessions for the Landlord well in excess of his Initial Capital

Contribution amount, renovate the space, and then work with Vail Resorts on branding Inxpot and possibly franchising while ensuring the LLC and all administrative tasks were performed. Deny f, as a managing -member is not entitled to compensation while a Manager is. Deny g, as his capital contributions exceed Plaintiff's breached promise as to Capital Contributions. Additionally, paragraph 12 of the complaint alleges the investment was first discussed in July, 2015, and therefore could not be made prior to that time. The allegation that the investment was to be returned within 3 years is impertinent because it is not 2018.

15. Defendant is without sufficient knowledge to know what Todd Hayes thought. Admit Defendant has been a part of 20 successful restaurants.

16. Deny as Todd Hayes wrote it was his money and his deal. Admit $10k was contributed. Deny the remainder.

17. Admit Defendant organized Inxpot in Colorado on December 6, 2015. Deny remainder.

18. Admit.

19. Deny as to substance and confusing compound allegation.

20. Deny as to characterizations of Defendant because Todd Hayes' thoughts are his own. Deny managing-member. Deny remainder.

21. Admit.

22. Deny as to "True Fact" and deny incorrect legal conclusions and Deny remainder.

23. Admit. K1s do not provide for domicile except company mailing address was in Colorado.

24. Deny as original documents referred to were forwarded to Plaintiff in California and then completed documents sent to ABC by Todd Hayes.

25. Deny Plaintiff invested anything as Todd Hayes did so. Admit remainder to extent such is known by Defendant.

26. Admit.

27. Admit that in or about Memorial Day Plaintiff and Todd Hayes went to the restaurant. Upon information and belief, Plaintiff or Todd Hayes made harsh statements to the landlord about the restaurant.

28. Defendant does not know what Todd Hayes thought at the time.

29. Deny. Furniture was sold and proceeds deposited into Inxpot account and POS system was incomplete and obsolete.

30. Admit.

31. Upon information and belief our attorney was incensed at the Damage Todd Hayes caused to the personal and professional reputations of Mr. Rashidi, Mr. Geller and Inxpot; Attorney demanded that Todd Hayes exit phone conference as he was not a Member of Inxpot LLC. Attorney was unaware of the fraud that Todd Hayes was perpetrating on his employer which did not allow its employees to own an interest in any entity with a liquor license.

32. Admit. Defendant complied with state law.

33. Defendant lacks sufficient information at this stage of the instant case.

34. Admit as factually true and Defendant followed state law.

35. Deny.

36. Deny.

37. This allegation merely incorporates prior paragraphs to which this defendant responded.

38. Deny.

39. Admit but Deny what is a “True Fact”.

40. Deny. Plaintiff did not invest. Deny Defendant has knowledge of investment strategy or predilections.

41. Deny. Defendant has known Mr. Beck for a little more than 2 years. Deny because Plaintiff’s utterly misunderstands of LLC Law and practice.

42. Defendant lacks sufficient information or belief to determine, at this stage of the proceedings.

43. Deny.

44. Deny. Defendant has known Mr. Beck for a little more than 2 years. Deny because Plaintiff's utterly misunderstands of LLC Law and practice.

45. Deny, except there was real urgency as Vail Resorts expects it.

46. Admit, except that Defendant did not need to induce the one investor he did him a favor. Additionally, paragraph 12 of the complaint alleges the investment was first discussed in July, 2015, and therefore could not be made prior to that time. The allegation that the investment was to be returned within 3 years is impertinent because it is not 2018.

47. Deny. Additionally, paragraph 12 of the complaint alleges the investment was first discussed in July, 2015, and therefore could not be made prior to that time. The allegation that the investment was to be returned within 3 years is impertinent because it is not 2018.

48. Deny because Todd Hayes knew all that is set forth evidenced in an email.

49. Deny. This answering defendant responded to these allegations when first alleged above.

50. Deny. Todd Hayes' ignorance as to operations and general business is staggering.

51. Deny. This answering defendant responded to these allegations when first alleged above.

52. Deny. This answering defendant responded to these allegations when first alleged above.

53. Deny. See ¶ 50.

54. Deny.

55. Deny. Deny as no disclosure is required to be made to a Non-Member.

56. Deny. This answering defendant responded to these allegations when first alleged above.

57. Deny. Deny as no disclosure is required to be made to a Non-Member.

58. Deny. This answering defendant responded to these allegations when first alleged above.

59. Deny. Deny as no disclosure is required to be made to a Non-Member.

60. Deny.

61. Deny. Deny amount of Damages.

62. Deny.

63. Deny.

64. This allegation merely incorporates prior paragraphs to which this defendant responded.

65. Deny. This answering defendant responded to these allegations when first alleged above.

66. Deny. This answering defendant responded to these allegations when first alleged above.

67. Deny. This answering defendant responded to these allegations when first alleged above.

68. Deny. This answering defendant responded to these allegations when first alleged above.

69. Deny. This answering defendant responded to these allegations when first alleged above.

70. Deny. This answering defendant responded to these allegations when first alleged above.

71. Deny. This answering defendant responded to these allegations when first alleged above.

72. Deny as an operating agreement can be in any form. Deny remainder.

73. Deny. This answering defendant responded to these allegations when first alleged above. Additionally, paragraph 12 of the complaint alleges the investment was first discussed in July, 2015, and therefore could not be made prior to that time. The allegation that the investment was to be returned within 3 years is impertinent because it is not 2018.

74. Deny. This answering defendant responded to these allegations when first alleged above. Additionally, paragraph 12 of the complaint alleges the investment was first discussed in July, 2015, and therefore could not be made prior to that time. The allegation that the investment was to be returned within 3 years is impertinent because it is not 2018.

75. Deny. This answering defendant responded to these allegations when first alleged above.

76. Deny. This answering defendant responded to these allegations when first alleged above.

77. Deny. This answering defendant responded to these allegations when first alleged above.

78. Deny. This answering defendant responded to these allegations when first alleged above.

79. Deny. This answering defendant responded to these allegations when first alleged above.

80. Deny. This answering defendant responded to these allegations when first alleged above.

81. Deny. This answering defendant responded to these allegations when first alleged above.

82. Deny. This answering defendant responded to these allegations when first alleged above.

83. Deny. This answering defendant responded to these allegations when first alleged above.

84. Deny. This answering defendant responded to these allegations when first alleged above.

85. Deny. This answering defendant responded to these allegations when first alleged above.

86. Deny. This answering defendant responded to these allegations when first alleged above.

87. Deny. This answering defendant responded to these allegations when first alleged above.

88. Deny. This answering defendant responded to these allegations when first alleged above.

89. Deny. This answering defendant responded to these allegations when first alleged above.

90. Deny. Redundant asked, answered and absurd.

91. This allegation merely incorporates prior paragraphs to which this defendant responded.

92. Deny as all-encompassing conclusion with no factual basis.

93. Defendant lacks sufficient information or belief to determine, at this stage of the proceedings the first sentence. But Admit Defendant is a successful restaurateur. Deny remainder.

94. Defendant lacks sufficient information or belief to determine, at this stage of the proceedings.

95. Defendant lacks sufficient information or belief to determine, at this stage of the proceedings and has no idea what are "True Facts."

96. Should be stricken as improper pleading otherwise Deny remainder.

97. Deny, but remedy, if applicable, is the court's decision.

98. No Answer Required.

99. Deny. Deny legal conclusion.

100. Deny. Matter should be stricken as outright falsehood.

101. Deny.

102. Deny. Inxpot profited from furniture.

103. Deny. Matter should be stricken as outright falsehood.

104. Deny. Matter should be stricken as outright falsehood.

105. Deny.

106. Deny as remedy

107. This allegation merely incorporates prior paragraphs to which this defendant responded.

108. Deny as remedy.

109. Deny.

110. This allegation merely incorporates prior paragraphs to which this defendant responded.

111. Deny. This answering defendant responded to these allegations when first alleged above.

112. Deny. This answering defendant responded to these allegations when first alleged above.

113. Deny, except Admit some airfare charge were reasonable.

114. Deny but Todd Hayes or Plaintiff Jennifer Hayes should honor commitment to satisfy Capital Contribution.

115. Deny.

116. Deny.

117. Deny.

118. This allegation merely incorporates prior paragraphs to which this defendant responded.

119. Deny as all-encompassing generalization.

120. Deny, prospectus not required.

121. Deny, another misunderstanding of the law.

122. Deny a, b, c, d, e, f, g, h.

123. Deny.

124. Deny.

125. Deny.

126. This allegation merely incorporates prior paragraphs to which this defendant responded.

127. Deny. This answering defendant responded to these allegations when first alleged above.

128. Admit, prospectus not required.

129. Deny. This answering defendant responded to these allegations when first alleged above.

130. Deny. Additionally, paragraph 12 of the complaint alleges the investment was first discussed in July, 2015, and therefore could not be made prior to that time. The allegation that the investment was to be returned within 3 years is impertinent because it is not 2018.

131. Deny. This answering defendant responded to these allegations when first alleged above.

132. Deny. This answering defendant responded to these allegations when first alleged above.

133. This allegation merely incorporates prior paragraphs to which this defendant responded.

134. Deny. This answering defendant responded to these allegations when first alleged above.

135. Deny. Deny as invalid claim.

136. Deny. This answering defendant responded to these allegations when first alleged above.

137. This allegation merely incorporates prior paragraphs to which this defendant responded.

138. Deny. This answering defendant responded to these allegations when first alleged above.

139. Deny. This answering defendant responded to these allegations when first alleged above.

140. Deny, material breach acts as a forfeiture.

141. Deny, no basis in law.

## Affirmative Defenses

142. For the first affirmative defense, Defendant asserts that Plaintiff Hayes lacks standing to bring this action because she did not fund the investment in Inxpot, LLC, her husband did.

143. For the second affirmative defense, Defendant asserts that Plaintiff Hayes lacks standing to bring this action because she did not make the investment in Inxpot, LLC, her husband did.

144. For the third affirmative defense, Defendant asserts that the statements that Plaintiff Hayes attributes to them were statements of opinion and not fact.

145. For the fourth affirmative defense, Defendant asserts that Plaintiff Hayes has not suffered damage.

146. For the fifth affirmative defense, Defendant asserts that Rashidi acted in good faith with the care an ordinarily prudent person would exercise in his role as manager of Inxpot, LLC.

147. For the sixth affirmative defense, the Defendant asserts that the claims in the complaint are not ripe.

148. For the seventh affirmative defense, the Defendant asserts that the Plaintiff has unclean hands.

149. For the eighth affirmative defense, the Defendant asserts that the Plaintiff cannot bring these claims directly.

**Jury Demand**

Defendant Shervin Rashidi hereby demands trial by jury.

**Prayer**

WHEREFORE, Defendants Shervin Rashidi prays as follows:

1. That plaintiff take nothing by reason of her complaint, that judgment be rendered in favor of defendants;

2. That defendants be awarded his costs of suit incurred in defense of this action; and

3. For such other relief as the Court deems proper.

Dated: 2/21/17

Respectfully submitted,

LAW OFFICE OF D. JOSHUA STAUB

/s/ D. Joshua Staub
D. Joshua Staub, Attorney for Defendant Shervin Rashidi